IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-72,017-04






EX PARTE JAVIER RIVERA FRANCO, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. F-0545713-T IN THE 283RD DISTRICT COURT


FROM DALLAS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of attempted capital
murder and sentenced to seventy-five years' imprisonment. The Eighth Court of Appeals affirmed
his conviction. Franco v. State, No. 08-06-00280-CR (Tex. App.-El Paso 2007, pet. ref'd). 

 Applicant contends, among other things, that trial counsel rendered ineffective assistance
because he failed to investigate State's Exhibit Nos. 7 and 27 and to discover that the driver's side
window of Applicant's car was not rolled down, as the State argued at trial. He also contends that
counsel should have objected and requested a mistrial after Officer David Waters testified that the
window was rolled down. Applicant has alleged facts that, if true, might entitle him to relief. 
Strickland v. Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim.
App. 2000). In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez,
334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings
of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective
assistance of counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art.
11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first make findings of fact as to whether State's Exhibit Nos. 7 and 27
accurately depict the driver's side window of Applicant's car when the offense was committed. The
trial court shall then make conclusions of law as to whether the performance of trial counsel was
deficient and, if so, whether his deficient performance prejudiced Applicant. The trial court shall also
make any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: June 9, 2010

Do not publish